

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 29, 2025

By ECF
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007



Re:    *Chen v. Bondi*, No. 25-cv-8098 (JGLC)

Dear Judge Clarke:

This Office represents the government in the above-referenced habeas corpus action in which Petitioner challenges his detention pending his removal to China. ECF No. 1 ("Pet."). The government filed its opposition to the habeas petition on December 8, 2025, and Petitioner's reply is due on January 7, 2026. *See* ECF Nos. 24, 26-28. On December 23, 2025, the government filed a motion requesting that the Court promptly vacate the injunction prohibiting ICE from removing Petitioner from the United States pursuant to his final removal order, in light of the fact that the government has obtained a travel document for Petitioner that is set to expire on January 10, 2026. ECF No. 31 (the "Motion" or "Mot."). Petitioner opposed that motion on December 24, 2025. ECF No. 32 (the "Response").

The arguments Petitioner advances in his Response to the Motion lack merit, and the Court should vacate the injunction for the reasons discussed in the Motion. *First*, Petitioner's Response amounts to a request for relief from removal, and, as discussed in the Motion, the Court lacks jurisdiction to grant such relief. *See* Mot. 2 (discussing 8 U.S.C. § 1252(g), (a)(5), and (b)(9)); *see also, e.g.*, *Troy ex rel. Zhang v. Barr*, 822 F. App'x 38, 39-40 (2d Cir. 2020) (habeas petition seeking a stay of removal equates to "a request to delay the execution of a removal order" and, thus, is barred by § 1252(g)); *Singh v. Napolitano*, 500 F. App'x 50, 52 (2d Cir. 2012) (attempt to "employ[] a habeas petition effectively to challenge the validity and execution of [a] removal order," even "indirectly," is "jurisdictionally barred").

*Second*, Petitioner's repeated invocation of *Zadvydas v. Davis*, *see* Response 2, 3, 5,[1] is inapposite. That case addresses ICE's authority to detain an alien after his removal order has become final and pending the alien's removal. 533 U.S. 678 (2001). The government, through its Motion, seeks not to continue detaining Petitioner, but to vacate the temporary stay this Court imposed so that ICE may execute Petitioner's removal order. *See* Mot. ICE's legal authority to remove Petitioner pursuant to a valid final order of removal simply does not hinge on whether it has "demonstrated that removal is 'imminent'" or "provided a concrete removal plan," as Petitioner's Response suggests. *See* Response 2, 4-5. Petitioner points to no legal authority for such a proposition, as there is none. In any event, the fact is that ICE is ready and able to execute

---

[1] Because the Response does not have page numbers, the page numbers cited here refer to the numbers listed in the ECF header for ECF No. 32.

Petitioner's removal order once this Court vacates its order staying such removal.

*Third*, even if the "reasonably foreseeable" standard set forth in *Zadvydas*[2] were relevant to the government's Motion—which it is not—Petitioner's removal clearly *is* reasonably foreseeable. *See* Memorandum of Law in Opposition to Habeas Petition, ECF No. 28 ("Gov't Opp.") 4, 13-14; So Decl., ECF No. 26, ¶¶ 33, 35; *see generally* Mot. Indeed, the only reason ICE has not booked Petitioner on a flight to China is because this Court's order prohibits ICE from removing him. *See* Gov't Opp. 4, 13; So Decl. (ECF No. 26) ¶¶ 33, 35; Mot. 1. Particularly under these circumstances, Petitioner's assertions that the government has not booked travel for "a specific date or flight" or finalized "travel logistics," Response 4, do not satisfy his burden under *Zadvydas* to show that removal is not reasonably foreseeable. *See, e.g.*, *Portillo v. Decker*, No. 21 Civ. 9506 (PAE), 2022 WL 826941, at *5 (S.D.N.Y. Mar. 18, 2022) (holding that removal "clearly" was reasonably foreseeable, despite stay of removal imposed by Second Circuit, where the government demonstrated that it "st[ood] at the ready to remove Portillo once court-authorized to do so"); *Jiajie Gao v. Barr*, No. 20 Civ. 6529 (EAW), 2021 WL 630911, at *3 (W.D.N.Y. Feb. 18, 2021) (collecting cases in which courts found that habeas petitioner did not satisfy initial burden under *Zadvydas* where government had obtained travel document and the only barrier to removal was inability to book a flight due to travel restrictions associated with COVID-19). Nor does the fact that the travel document will expire establish that Petitioner's removal is not foreseeable. *See Portillo*, 2022 WL 826941, at *5 ("For obvious reasons, a noncitizen's use of the American judicial process, to the extent it delays removal, does not warrant release under *Zadvydas*."); *Guangzu Zheng v. Decker*, 618 F. App'x 26, 28 (2d Cir. 2015) (affirming denial of habeas petition where the Chinese government had issued a travel document valid for three months that lapsed during petitioner's stay of removal, holding that because China had previously issued a travel document, there was no reason to believe it would not do so again, thus petitioner had failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future (citing *Zadvydas*, 533 U.S. at 701)).

*Finally*, the risk of "mooting the petition," Response 5, does not provide a basis to maintain the stay of removal, and Petitioner provides no authority for such an assertion. As explained in the government's Motion, it is common for this sort of habeas challenge to become moot in light of the petitioner's removal. *See, e.g.*, *Lin v. Bondi*, No. 25 Civ. 8568 (KMK), ECF Nos. 34, 35 (S.D.N.Y. Dec. 16, 2025) (dismissing habeas petition as moot in light of the petitioner's removal to China); *Chen v. Arteta*, No. 25 Civ. 9089 (JGK), ECF No. 13 (S.D.N.Y. Dec. 18, 2025) (petition voluntarily withdrawn after removal to China); *T.Y.S. v. Almodovar*, No. 25 Civ. 8267 (ER), ECF

---

[2] As discussed in more detail in the government's opposition to the habeas petition, the Supreme Court held in *Zadvydas* that 8 U.S.C. § 1231(a)(6) authorizes immigration detention for a period reasonably necessary to accomplish the alien's removal from the United States. 533 U.S. at 699-700. The Supreme Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal, but explained that that "does not mean that every alien not removed must be released after six months." *Id.* at 701. Rather, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner repeatedly argues in his Response that removal is not "imminent," Response 2-5, but the Supreme Court does not even use the word "imminent" in *Zadvydas*, *see generally Zadvydas*, 533 U.S. 678.

No. 17 (S.D.N.Y. Nov. 13, 2025) (dismissing petition as moot in light of petitioner's removal); *Delgado Coro v. Almodovar*, No. 25 Civ. 6476 (PAE), ECF No. 18 (S.D.N.Y. Oct. 1, 2025) (same); *Panton v. Joyce*, No. 25 Civ. 2451 (KPF), ECF No. 45 (S.D.N.Y. June 26, 2025) (same).

Thus, for the reasons set forth above and in the government's opening Motion, the government respectfully requests that the Court promptly vacate the injunction prohibiting ICE from removing Petitioner from the United States pursuant to his final removal order.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Mary Ellen Brennan*
MARY ELLEN BRENNAN
Assistant United States Attorney
Telephone: (212) 637-2652
E-mail: maryellen.brennan@usdoj.gov

cc: Counsel of Record (by ECF)

Because of the changed circumstances cited in the Government's motion at ECF No. 31, the Court hereby stays the effect of the injunction at ECF No. 8 until January 11, 2026. The parties shall submit a joint status letter by January 11, 2026. If Petitioner remains detained in the United States thereafter, the Court will evaluate the underlying petition after further briefing from the parties. The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

JESSICA G. L. CLARKE, United States District Judge

Dated: December 30, 2025
        New York, New York